```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

DAVID LEE BALLARD,                §
TDCJ-ID NO. 537173,               §
                                  §
            Plaintiff,            §
                                  §
v.                                §   CIVIL ACTION NO. H-07-0791
                                  §
NICHOLAS SIMIEN, et al.,          §
                                  §
            Defendants.           §

## MEMORANDUM OPINION AND ORDER

David Lee Ballard, a convicted felon incarcerated in the Texas Department of Criminal Justice - Institutional Division, has filed a complaint pursuant to 42 U.S.C. § 1983 against Harris County Jail officer Nicholas Simien and three other unidentified jail officers in both their individual and official capacities. Ballard contends that the defendants used excessive force against him, which resulted in serious injuries and an illegal conviction. The court granted Ballard permission to proceed as a pauper and ordered him to file a more definite statement. After reviewing the pleadings, the court has determined that this action should be dismissed as legally baseless.

### I. Allegations and Claims

Ballard alleges that on September 11, 2005, the defendants assaulted him without provocation while he was an inmate at the

Harris County Jail. He asserts that he was about to be released from jail after having been previously found not guilty by reason of insanity on September 9, 2005. Ballard states that the attack began when he questioned Simien's order to exchange bed sheets on a day when sheet exchanges were not scheduled. According to Ballard, Simien ordered him to face the wall in a hallway where Simien handcuffed him. Simien then threw Ballard to the floor and began punching him. Ballard states that he began screaming but denies resisting Simien. Two other officers then joined in the assault and began striking Ballard despite his pleas to stop.

Ballard alleges that he was then dragged into a sergeant's office where he was accused of instigating the fight. The sergeant then allegedly held Ballard's head between his legs while he punched him in the face until Ballard's eyes were red and his lips were swollen and split from the blows. Ballard states that he was told to keep quiet before he was taken to the infirmary for treatment for head and facial injuries and a broken right thumb.

Although he had been scheduled for release on the day of the incident in question, Ballard states that he was charged with assaulting an officer after the incident. (Docket Entry No. 1, "Statement of Claim" at 2) He further states that the assault charge prevented him from being released and resulted in his continued incarceration. Id.

In his More Definite Statement (Docket Entry No. 8 at 5), Ballard alleges that he was brought to court on the assault charge

where he entered a plea of nolo contendere to attempted assault of a peace officer. The court accepted the plea, found him guilty, and sentenced Ballard to ninety days in jail with credit for time served. Id. Ballard did not file any appeal or post-conviction challenge to the conviction. (Docket Entry No. 8 at 6)

Ballard seeks one million dollars in compensatory damages, one million dollars in punitive damages, and one million dollars for the mental anguish he has endured. He also seeks an order releasing him, as well as compensation for the time he has been incarcerated since September 11, 2005.

## II.  Analysis

In general, a civil rights complaint must be dismissed when the plaintiff is attacking the validity of a criminal conviction and has not shown that the conviction has been overturned. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). When a plaintiff alleges that an arresting officer or correctional officer violated his rights, the court must consider whether the claim, if true, would dispute the validity of a criminal conviction resulting from the alleged violation. Hainz v. Richards, 207 F.3d 795, 798 (5th Cir. 2000), citing Heck at 2372. If so, the action must be dismissed unless the conviction has been successfully challenged in an appropriate criminal appellate or post-conviction proceeding. Id.

It is clear from Ballard's More Definite Statement that he seeks to overturn his state court conviction. See Boyd v. Biggers,

31 F.3d 279, 283 (5th Cir. 1994).  In asserting that the force used against him was excessive and unnecessary, Ballard challenges the validity of his conviction for attempted assault on the defendants. <u>Hudson v. Hughes</u>, 98 F.3d 868, 872 (5th Cir. 1996).  Since the conviction has not been overturned, Ballard's civil rights claim is legally frivolous and cannot be pursued under section 1983.  <u>Id.</u> at 873.  Ballard may only seek relief through proper habeas proceedings.  <u>Johnson v. McElveen</u>, 101 F.3d 423, 424 (5th Cir. 1996), <u>citing</u> <u>Serio v. Members of La. Bd. of Pardons</u>, 821 F.2d 1112 (5th Cir. 1987).

Since Ballard is a prisoner, proceeding <u>in forma pauperis</u>, the court must dismiss this civil rights action if it is frivolous. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or fact.  <u>Berry v. Brady</u>, 192 F.3d 504, 507 (5th Cir. 1999).  Ballard's complaint has no merit and, therefore, is frivolous.  This action will therefore be dismissed as frivolous.  This dismissal is without prejudice to Ballard pursuing any habeas relief that may be available.

### III.  <u>Motion for Court-Appointed Counsel</u>

Ballard has moved for court-appointed counsel.  In general, there is no right to court-appointed counsel in civil rights cases. <u>Jackson v. Cain</u>, 864 F.2d 1235, 1242 (5th Cir. 1989).  Appointment of counsel is not warranted in this action due to the elementary nature of its issues.  <u>Wendell v. Asher</u>, 162 F.3d 887, 892 (5th

-4-

Cir. 1998). The Motion for Appointment of Counsel (Docket Entry No. 10) will be denied. Ballard's motions seeking issuance of summons and for status of the case (Docket Entry Nos. 11, 12, and 13) will be denied as moot.

### IV. Conclusion

It is, therefore, **ORDERED** as follows:

1. This prisoner civil rights complaint (Docket Entry No. 1), filed by inmate David Lee Ballard, TDCJ-ID #537173, is **DISMISSED** because it is frivolous. 28 U.S.C. § 1915(e).

2. All pending motions (Docket Entry Nos. 10, 11, 12, and 13) are **DENIED**.

3. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, fax number 512-936-2159; and the Pro Se Clerk for the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this the 3rd day of April, 2008.

SIM LAKE
UNITED STATES DISTRICT JUDGE